Ex Parte John Segars.

*No. 338. Decided February 7.*

1. **Local Option — Petition — Description of Proposed District Embracing an Incorporated Town.**—Where a petition for local option sets outs the limits of the proposed district, and the order of the Commissioners Court for the election declares that the petitioners are all voters of the State and county, and reside in the proposed district, the metes and bounds of which, together with the time and places for holding said election, being also fully set forth, *held,* the law as to the description of the proposed district is fully complied with, and the adoption of local option in said district is not invalid because the metes and bounds of said district embrace and cover, as part of their territorial limits, an incorporated town containing defined wards and precincts.

2. **Same — Acts Amendatory of Local Option Law.** —The Act of April 1, 1887, did not repeal title 63 of Revised Statutes, but only amended and added certain articles thereto, as is shown by the express terms of that act; and from its adoption these amended and additional articles became parts of the Revised Statutes title 63, two of these added articles being 3239a, 3239c. *Held,* that the Act of March 29, 1893, though not specifically naming the Act of April 1, 1887, in its title or caption, did name the articles 3239a and 3239c of said act as subjects, in part, to be amended, and was in fact intended as a revision of all the articles of title 63 of the Revised Statutes, including the Act of April 1, 1887.

3. **Titles and Captions to Legislative Acts.** — Titles to acts should receive a liberal construction, especially criminal acts. Following Ex Parte Tummins, ante, 117.

4. **Penalty for Violating Local Option not Repealed.**—Article 3239 of Act of March 29, 1893, declares that any one violating local option shall be punished as prescribed in "the Penal Code." *Held,* that the "Penal Code" is the Penal Code as amended by the Act of 1887, and this latter act plainly prescribes the penalties for selling intoxicating liquors in violation of the local option law.

5. **Election — Voting Places.** — In an election for local option, where it appeared that there was a prescribed voting box in ward number 2, in the city of B., but the election was held on another street two blocks away from the place designated in the order for election, *held,* that though this might have been an irregularity which could, perhaps, have been availed of in a contest to invalidate instituted within thirty days from the election, it does not present a serious question when not so availed of, and where it is not made to appear that a fair expression of the will of the people was not had at said election, and no fraud or improper motive is shown in changing said voting place.

Appeal from the County Court of Brown. Tried below before Hon. Charles Rogan, County Judge.

The case is sufficiently stated in the opinion.

*Goodwin & Grinnan,* for appellant.—The court below erred in not discharging the petitioner, and in remanding him to the custody of Charles Bell, sheriff of Brown County, Texas:

1. Because the subdivision of Brown County that adopted local option was never designated by the County Commissioners Court, as required

by section 20, article 16, of the Constitution of the State, and chapter 45, Acts of 1893. Tummins v. The State, 22 S. W. Rep., 409; Holley v. The State, 14 Texas Cr. App., 513.

2. Because chapter 45, Acts of 1893, is inoperative and invalid, being an amendment of the Revised Statutes, when the Revised Statutes had been repealed by Act of April 1, 1887. Robertson v. The State, 12 Texas Cr. App., 541; Pickard v. The State, 13 Texas Cr. App., 373; Van Noy v. The State, 14 Texas Cr. App., 69; Suth. on Stat. Con., sec. 132.

3. Because chapter 45, Acts of 1893, prescribes no penalty for violation of its provisions, but refers for the penalty to the Penal Code, when the Penal Code was itself amended by the Act of March 30, 1887, and a different penalty affixed from that prescribed by said Penal Code. The State v. Horan, 11 Texas, 147; Smith v. The State, 7 Texas Cr. App., 286.

4. Because, though the local option law has been so amended as to extend to any subdivision of a county, to be designated by the Commissioners Court, no penalty has been prescribed for violating the law in such subdivision.

5. Because chapter 45, Acts 1893, is unconstitutional, in that the caption of said act is not in compliance with section 35, article 3, of the Constitution of the State of Texas. Suth. on Stat. Con., sec. 132.

6. Because, under section 20, article 16, of the Constitution, the subdivision of a county therein provided for can not include an incorporated city or town; and so much of the Act of 1893 as authorizes the inclusion of a city or town in said subdivision is unconstitutional.

7. Because included within the metes and bounds of the subdivision of Brown County in which said local option election was ordered and held are the five wards of the city of Brownwood, each ward being a voting precinct, and portions of the following county voting precincts, to-wit, Cannon Precinct, Mountain View Precinct, James Chappel Precinct, and Ricker Precinct; and election officers were appointed and election held in the five wards of Brownwood, and in the Cannon Precinct, but no one was appointed to hold election in either of the other named election precincts, and no place in said precinct was designated for the holding of said election, and no election was in fact held therein.

8. Because the election was not held at the places in wards 4 and 5 designated by order of election, or at the places in said wards where elections had formerly been held, and no notice of the change in said wards was given the electors. Kramer v. The State, 19 Texas Cr. App., 124.

9. Because there were five established voting boxes in the subdivision, viz., the five ward boxes in the city of Brownwood, and the Commissioners Court had no authority to establish the voting box at Wilson's residence, and to require voters residing outside of the city limits to resort to said last named box for the purpose of casting their vote.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, Judge.—Relator was charged, by information filed in the County Court of Brown County, on the 26th of December, 1893, with violating the local option law then in force in a certain subdivision of Brown County, by selling intoxicating liquor. He was arrested, under a capias issued out of the said court, on the said 26th of December, 1893, and on the same day filed his petition for a writ of habeas corpus before the Hon. Charles Rogan, the county judge, alleging simply that he was illegally restrained of his liberty, and setting up no grounds therefor. After the return of the sheriff, the cause was duly heard and the prayer of the relator denied, and he thereupon appealed. It will not be necessary to discuss the various questions raised in appellant's brief. We will only consider those mainly relied upon by him for reversing the judgment below.

1. The relator claims the local option district which embraces the city of Brownwood and a portion of the county lying around said city was not legally defined and designated by law. That the district or subdivision should first have been designated by the County Commissioners Court before an election was ordered. We think that the subdivision was clearly defined, as required by the statute. The record shows, that in the petition, signed by 230 names, the limits of the proposed subdivision were specifically set out, as required by article 3227 of the local option statute of March 29, 1893, chapter 45. That the Commissioners Court, acting on the petition and entering the order of election, find that the petitioners are all voters of the county and State, and residing in the proposed subdivision, and in said order of election the metes and bounds of the proposed subdivision are fully set forth, and the time and places are also set forth as required by law. We think the law has been, in this respect, fully complied with. Tummins' case [ante, 117], relied upon by counsel, has no application to the case at bar. In that case no boundaries were fixed and the election was void for uncertainty. Here they were definitely and clearly fixed.

2. Relator insists that the local option law passed in 1893 is invalid, because it purports to be an amendment of the Revised Statutes title 63, when in fact the said title had been repealed by the local option law of April 1, 1887.

As a matter of fact, title 63 of the Revised Statutes of Texas was not repealed by the Act of April 1, 1887, but certain articles only were amended, and a new article, to-wit, 3239a, was added by said act. These amendments and addition then became a part of the Revised Statutes, made so by the very terms of the amending statute, by which it is declared, '' that articles 3227, etc., of title 63 of the Revised Civil Statutes of the State of Texas, be so amended as to *read* as follows;'' then follow

the amended articles. Acts of 1887, sec. 1, p. 96. The contention here is, that the caption and first section of the Act of 1893 should have declared it to be "An act to amend title 63 of the Revised Statutes as amended by the Act of April 1, 1887." While it is true that the caption and first section should properly have so stated, we do not think its failure in that respect invalidates the law. For while the caption does not, in express terms, refer to the Act of 1887, it unquestionably means the Revised Statutes as amended by that law, because among the articles set forth in the caption, which the Act of 1893 seeks to amend, is article 3239a, which was added by the Act of 1887. But were it not so, we would presume that when the caption referred to "the Revised Statutes" it meant the Revised Statutes as amended by subsequent amendatory statutes. In Oshe v. The State, 37 Ohio State, 501, the court says, at the time of the passage of the amended section it took the place of the original section in the revision, and was thereafter the only section 6941 of the Revised Statutes in force, and the reference to the Revised Statutes must be understood as referring to the only statutes in force. See, also, State v. Brewster, 39 Ohio St., 653; McKibben v. Lester, 9 Ohio St., 628; Blakemore v. Dolan, 50 Ind., 194.

The Act of 1893, chapter 45, is intended to be a revision of all the articles of title 63 of the Revised Statutes relating to local option. It is carelessly drawn in several particulars, arising from the fact that the amendments were made to Sayles' Revised Statutes, and not to the Revised Statutes themselves. Thus two articles, to-wit, 3239b and 3239c, which were added by the Act of 1893 itself, are stated in the caption and first section to be a part of title 63, which was then being amended by said act. But there is no question as to the intention of the Legislature in the matter. And if the mistake as to the two articles could be held to be material, it could not affect the rest of the statute. Titles to acts, especially criminal acts, should receive a liberal construction. Nichols' case, ante, p. 391.

3. But relator claims that the Act of 1893 is inoperative and invalid, in that it provides no penalty, and can not therefore be enforced. Article 3239 of said act declares, that any one violating the local option law shall be punished as prescribed in the Penal Code. The contention here is, that the penalty provided for by the Penal Code for a violation of the local option law, to-wit, article 378, has been repealed by the Act of 1887, chapter 90, page 70, which has prescribed different penalties for different violations, and repealed the old penalty. For the reasons above stated, "the Penal Code" referred to by article 3239 of the Act of 1893 is "the Penal Code" as it stands amended by the Act of 1887. By reference to said act, there is no difficulty in understanding what penalty has been prescribed for the offense of which appellant stands charged, to-wit, sell-

ing intoxicating liquors in violation of the local option law in the subdivision of Brown County in which it is declared to be in force.

4. We do not think the irregularities complained of in the election are sufficient to set it aside. It does not appear that there has not been a fair expression of the will of the people. The only irregularity presenting any seriousness is that the voting place in ward 2 was held on another street, two blocks away from the place designated in the order. Now if irregularities attending a local option election can be set up as a ground of avoiding the election after the expiration of the thirty days specified in article 3239a, we do not think the present showing sufficient to do so. It does not appear that any voter was deprived of his vote, nor was the change attributed to any fraudulent or improper motive; nor does it appear that the change was not known and concurred in by all the voters in ward 2. Indeed, by comparing the votes cast at the local option election in the several wards of the city of Brownwood, which is included in the subdivision, with the votes cast in the same wards at the general election in November, 1892, we find that a larger proportionate vote was cast in ward 2 than in the other wards, and the majority was *against* prohibition. In Ex Parte Kennedy, 23 Texas Criminal Appeals, 77, the election was set aside because there were no election notices served as prescribed by the statute, and no election was held in one of the precincts on account of this failure; and it was shown that a sufficient number were thereby disfranchised as might have changed the result if they had voted. There is no such showing in the case at bar.

5. We have carefully considered the questions presented in the able brief of counsel, aided by his oral argument, but have reached conclusions variant therefrom.

The judgment of the county judge of Brown County is affirmed.

*Affirmed.*

Judges all present and concurring.