THOMAS PITNER v. THE STATE.

*No. 1023. Decided March 3rd, 1897.*

**1. Indictment—Good and Bad Counts.**

Where an indictment contains a good and bad count, and the trial has been had upon both, the conviction will be referred to the good count.

**2. Local Option—"Subdivision"—Penalty.**

On a trial for violation of local option, in "a subdivision," where it was insisted that there is no punishment affixed to the law relating to local option in "a subdivision." Held: The penalty is affixed by the local option law. Rev. Stat., Art. 3396, amending Article 3239, and this Act of 1893, p. 48 (which is Article 3396), refers unquestionably to a written law of this State, which affixes a penalty to this offense. Following, Ex parte Segars, 32 Tex. Crim. Rep., 553.

**3. Same—Recording the Petition—Bill of Exceptions—Certificate of the Judge.**

The petition for local option in a "subdivision" is required to be recorded in the minutes of the Commissioners' Court, but the time when it shall be recorded is not prescribed by the statute. Held: That where the petition sufficiently sets out the metes and bounds of the subdivision a bill of exceptions, objecting to said petition because not recorded until after the election which bill contains no certificate of the judge showing the time when the petition was in fact recorded, will not overcome the presumption that said petition was duly and properly recorded.

**4. Local Option—Proof of Other Sales to Show System.**

On a trial for a violation of local option, where defendant denied a sale, testimony with reference to other sales than the one charged, was admissible. All testimony tending to show that the transaction charged was a sale in accordance with the system pursued by defendant was admissible to be considered by the jury under proper instructions from the court limiting its purpose.

**5. Bills of Exception to Questions—Sufficiency.**

A bill of exceptions, setting out only the objections to questions asked a witness and which does not show what the testimony was, is insufficient.

**6. Local Option—Evidence—U. S. Revenue License.**

On a trial for violation of local option, the procurement by defendant of a U. S. internal revenue license, is properly admitted in evidence as a circumstance tending to show that defendant was engaged in the sale of intoxicating liquors.

APPEAL from County Court of Shackelford. Tried below before Hon. J. A. MATHEWS, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25 and 20 days' imprisonment in the county jail.

Defendant filed exceptions to the sufficiency of the indictment, and also filed a motion in arrest of judgment upon the same ground. These motions were overruled. The indictment contained two counts for a

violation of local option, in "a subdivision," the first charging a sale of intoxicating liquors within the alleged prohibited district, and, the second, charging exchange and giving away such liquors for the purpose of evading the law.

*A. A. Clarke* and *J. M. Elliott*, attorneys for appellant.—The court erred in overruling defendant's exception to the indictment herein, when the indictment describes a less subdivision than a precinct, and not an incorporated city or town, there being no penalty affixed by the Penal Code for selling intoxicating liquors in such a subdivision of a county. The Act of 1893 amending the Act of 1887 failed to amend the Penal Code so as to cover the subdivision, wherein local option elections were authorized to be held, and by such failure there is no law now in force punishing parties for such violations in such a subdivision.

Our proposition under this assignment is that so much of Article 3227 of the Revised Statutes as amended by the Act of March 29, 1893, as provides for local option elections in subdivisions of a county other than a justice precinct, town or city is inoperative by reason of the fact that the Legislature failed to amend the Penal Code so as to make it correspond with the Civil Statute as amended by said Act and provide a penalty for violating the law in such a subdivision. Article 3239 of the Revised Statutes as amended by the Act of 1893 simply provides that violators of the provisions of that title (Title 63) "shall be subject to prosecution by information or indictment and shall be punished as prescribed in the Penal Code."

By reference to the Penal Code we find that Article 378 as amended by the Act of March 30, 1887, is the only law which at the time of the enactment of the Act of March 29, 1893, and which now prescribes any penalty for the violation of the local option laws of the State. That article is as follows:

"If any person shall sell any intoxicating liquors in any county, justice precinct, city, or town in which the sale of intoxicating liquors has been prohibited under the laws of this State, or if any person shall give away any intoxicating liquors in such county, justice precinct, city, or town with the purpose of evading said laws he shall be punished by fine of not less than twenty-five nor more than one hundred dollars, and by imprisonment in the county jail for not less than twenty nor more than sixty days."

It will be observed that the only subdivisions of a county here recognized or provided for are justice precincts, cities and towns. It is true that the indictment also charges that the violation was in the "town of Albany," but this court has held in Ex parte Tummins, 32 Tex. Crim. Rep., 117, that the term "town" as used in the local option law means an incorporated town. There is no pretense that the town of Albany was incorporated at the time of the alleged violations of the law by appellant, and hence the court will consider that language of the indict-

ment as surplusage and direct its attention to the question whether the local option law can be put in force in a subdivision of a county other than a justice precinct or incorporated city or town.

The subdivision described in the indictment comes under neither of the kinds of subdivisions of a county mentioned in our Penal Code. It is not a justice precinct, city, or a town, within the meaning of the Code. It is a kind of subdivision which first appears in the Act of March 29, 1893, amending Art. 3227, Rev. Stat.

Now, in order to render that part of Art. 3227, Rev. Stat., which provides for such a subdivision as is described in the indictment in this case, operative, this court must "read into" Art. 378, of the Penal Code, after the words "County, justice precinct, city or town," the words "or such other subdivision of a county as may be laid off by the Commissioners' Court of a county under Art. 3227 of the Revised Statutes authorizing such elections in counties, justices' precincts, cities and towns, the legislature in enacting the latter law and providing for local option elections in subdivisions of counties other than justices' precincts, cities and towns should have amended the former so as to make same embrace such new kind of subdivision, and the failure to so amend the Penal Code renders so much of the Act of 1893, as provides for such elections in such new kind of subdivision nugatory.

We cannot see how this conclusion can be avoided when we consider the imperative rule prescribed by Art. 3 of our Penal Code. It is true that several cases have been appealed to this court growing out of prosecutions for selling in this new kind of subdivision of a county, but we have been unable to find any case where this question was presented to this court and decided.

The court erred in admitting in evidence the order of the Commissioners' Court of Shackelford County ordering an election on the question of local prohibition, in the subdivision therein described, over the objection of defendant as per bill of exception No. 2, it appearing from said order that the election was for a less subdivision of the county than a precinct, and did not contain an incorporated city or town, and that the petition therefor was not recorded in the minutes as required by law, at the time said order was made, and was not recorded until after the said election was held, and that said order did not contain a sufficient description of said territory by metes and bounds as is required by law.

1. Do the petition for the election, the order for the election, the order declaring the result of the election and the certificate of the County Judge contain a sufficient description of the proposed subdivision of the county?

2. Does the fact, that the petition for the election, in a subdivision of a county, other than a justice precinct, city or town, was not recorded in the minutes of the Commissioners' Court until after the election, render the election invalid?

First as to the description of the subdivision. The Act of March 29, 1893, amending Art. 3227 of the Revised Statutes having provided for

local option elections in such subdivision of a county, as may be desig-nated by the Commissioners' Court, in addition to such subdivisions as are known as justices' precincts, towns and cities proceeds as follows:

"And in case an election is asked for a subdivision of such county the petition shall, describe such subdivision by metes and bounds and the said petition and description of said subdivision shall be recorded in full in the minutes of the Commissioners' Court and the description shall be embraced in the notice given for such election." Acts of 1893, p. 48. In all of the proceedings pertaining to the election under dis-cussion, the description of the subdivision is that given in the indict-ment and which is copied into the former part of this brief.

2. Did the failure to record the petition for the election, until after the election, render the election invalid?

The order for the election was made on November 17, 1894, the elec-tion was held on December 8, 1894. On the 19th of December, 1894, when the Commissioners' Court met to canvass the votes and declare the result of the election it was discovered that the petition for the elec-tion had not been recorded. The court then ordered the petition re-corded, which was done on that day.

The appellant objected to the introduction in evidence of the several orders of the Commissioners' Court, the petition for the election and the certificate of the County Judge, because the petition had not been re-corded before the election. His objections were all overruled. He re-served a bill of exception in each case.

It is now clearly established in this State that the petition need not be recorded where the election is for the whole county, or for a justice precinct, city, or town, because the statute does not require such record in such elections. See, Williams v. State, 35 Tex. Crim. Rep., 52; Ex parte Williams, id., 75; Speagle v. State, 34 Tex. Crim. Rep., 465.

But where the election is for a subdivision other than a justice pre-cinct, town or city the petition must be recorded. Ex parte Smith, 34 Tex. Crim. Rep., 284; Speagle v. State, supra.

It is plain from the reading of the statute and from the opinion of this court in Ex parte Smith, supra, that the petition must be recorded in full before the election, and the description of the proposed subdivis-ion as thus recorded must be carried into the notices of the election.

Under the doctrine of this court in Ex parte Smith the judgment should be reversed and appellant discharged. That case is not over-ruled by Speagle v. State. On the contrary the court in the latter case clearly draws the distinction between the procedure in elections for the whole county and for justice precincts, cities and towns and that which the law has prescribed in elections in the kind of subdivision under dis-cussion.

This court in Ex parte Burge, 32 Tex. Crim. Rep., 459, has also drawn the distinction between statutory requirements prior to the election and those after the election. As to the former a strict compliance with the requirements of the law must be shown, else the election will be held

void. So much of the sixth assignment of error as relates to the next question we will discuss is as follows: "The court erred in admitting in evidence over the objection of the defendant the certificate of publication entered by the County Judge of said county, in the minutes of the Commissioners' Court on the 18th day of January, 1895. * * * Because said certificate was not made after the order declaring the result of the election had been published four weeks, but was made and entered on the 18th day of January, 1895, the first publication of said order having been made on the 21st day of December, 1894, the said four weeks not having expired until midnight of the 18th of January, 1895."

The State introduced the witnesses, Frank Palmer, J. G. Duncan, Ewing Bizzell, Rufus Bussell and Clayton Perry for the purpose of proving that appellant sold whiskey to each of these witnesses at divers times other than the date upon which the indictment charges that he sold to the witness, Joe Palmer. The appellant objected to the testimony of each of these witnesses as to said alleged sales upon the ground that such evidence was incompetent and irrelevant. The trial court overruled all of his objections and permitted these witnesses to testify as shown in bills of exception Nos. 6, 7, 8, 9 and 10. See testimony of these witnesses, with the exception of that of Ewing Bizzell.

The State evidently proceeded upon the theory that this evidence comes within the well known exception to the general rule which excludes evidence that does not correspond to the allegations, and is not confined to the issue. This exception only obtains when it becomes necessary to prove motive, intent or knowledge on the part of the defendant.

It is difficult to understand how the exception mentioned can be applied to cases of this character. See, Willson's Crim. Stat., §§ 2492 and 2496. It seems that the exception is only applicable to proof of crimes which are mala in se. But admitting that the exception to the general rule of evidence is applicable to local option cases, still it is obvious that such evidence of other violations of the local option law by sales to persons other than the purchaser named in the indictment, must bear some relation to the sale gift or exchange of liquor charged in the indictment, with regard to time and place.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law in a subdivision of said county, and his punishment assessed at a fine of $25 and twenty days' imprisonment in the county jail; hence this appeal. While the court ought to have quashed the second count in the indictment, yet the failure to do so was not error. The first count was good as charging a sale, and the conviction will be re-

ferred to that count. Appellant also excepted to the indictment because it alleged a violation of the local option law in a subdivision; and he insists that no punishment is affixed to the act with reference to subdivisions, and that for the punishment no reference can be had from the Act of 1893 to preceding acts for punishment, before any such subdivisions were authorized. The contention has been settled by this court adversely to the appellant. See, Ex parte Segars, 32 Tex. Crim. Rep., 553, followed in Jordan v. State (No. 1124 on rehearing; decided at the present term) ante p. 222. However, appellant contends that that Segar's case, supra, has no application, and did not decide the point which he raises. His contention is "that inasmuch as the Act of 1887 was the law of the land when the Act of March 29, 1893, was passed, and as the former law only provides penalties for violating the local option law in counties, justice precincts, cities, and towns, the legislature, in enacting the latter law, providing for local option elections in subdivisions of counties other than justice precincts, cities, and towns, should have amended the former so as to make the same embrace such new kind of subdivision, and the failure to so amend the Penal Code renders so much of the Act of 1893 as provides for such elections in such new kind of subdivisions nugatory." To condense the position of appellant, he contends that nowhere in the Penal Code is a punishment affixed for selling intoxicating liquors in a subdivision of a county, other than the county, justice precinct, city, or town, and that, if the Penal Code had named a subdivision, then there would have been a punishment, but as it affixed the punishment for violating the law in the county, precinct, city, or town, therefore there is no punishment affixed for violating the law in these recent subdivisions. The Act of 1893 provides for these subdivisions, and reads: "When any such election has been held and has resulted in favor of prohibition, and the aforesaid court has made the order declaring the result and the order of prohibition, and has caused the same to be published as aforesaid, any person who shall thereafter within the prescribed bounds or prohibition, sell, exchange or give away for the purpose of evading the provisions of this statute, any intoxicating liquors whatsoever, or in any way violates any of the provisions of this statute, shall be subject to prosecution by information or indictment, and shall be punished as prescribed in the Penal Code." Acts 1893, p. 50, amending Sayles' Civ. Stat., Art. 3239. Now, we would not presume from this that you could inflict a punishment for murder, theft, embezzlement, or robbery, upon a person for violating the local option law in a subdivision; but we infer that when it says, "shall be punished as prescribed in the Penal Code," that it inevitably and unquestionably refers to the punishment affixed by the Penal Code for violating the local option law—the same punishment as is prescribed for violating the same in a county, justice precinct, city, or town. We concede, to the fullest extent, that no person shall be punished for any act or omission unless the same is made a penal offense, and the penalty affixed thereto, by the written law of

this State. There is no question about the sale of intoxicating liquors in subdivisions being a penal offense. The only question is whether there has been affixed thereto a penalty by the written law of this State. The Act of 1893, just cited, refers unquestionably to a written law of this State which affixes the penalty to this offense. Appellant objected to the introduction of the order of the Commissioners' Court, dated November 17, 1894, ordering the election, on the following grounds: Because it appeared from the order that the election was ordered for a subdivision of Shackelford County less than a justice precinct, and did not contain an incorporated city or town, and that the petition therefor was not recorded in the minutes of the court, as required by law, at the time said order was made, and was not recorded until after the election and the petition for the election. The petition is required to be recorded in the minutes of the Commissioners' Court, but the time for this record is not designated in the act; and, moreover, while the bill itself raises this objection, there is no certificate of the judge showing the time when said petition was recorded. In the absence of such certificate, we would presume that it was duly and properly recorded. The metes and bounds are sufficiently set out in the petition. What we have above said disposes of appellant's third, fourth and fifth bills of exceptions. Appellant presented a number of bills of exceptions to the testimony of witnesses introduced by the State with reference to other sales than that charged in the indictment. This evidence was admitted for the purpose of showing the course of business of appellant with reference to the sale of liquor, and as having a bearing on the question as to whether or not he made the sale of the liquor as charged in the indictment. The sale of said liquor was the question at issue. The defendant denied a sale, and the State insisted that there was a sale as charged. The court, in this connection, gave a charge on circumstantial evidence, and we believe that all testimony tending to show that the transaction charged was a sale in accordance with the system pursued by the appellant was admissible; and the court, in its charge, limited the purpose of this testimony. In this there was no error. We would further remark, as to a number of these bills, that they do not show what the testimony was. They merely show an objection to the questions asked. Consequently they cannot be regarded as raising the question, but we have treated the matter as if the question had been properly raised. We believe the testimony with regard to the procurement by appellant of a United States internal revenue license was properly admitted as a circumstance tending to show that defendant was engaged in the sale of intoxicating liquors. The charge of the court as to the matters complained about by appellant we deem correct, and we further hold that there was no occasion to give certain special charges asked by appellant. There was no error in the refusal of the court to give the same. We have carefully examined the record in this case, and in our opinion there is no question as to the appellant's guilt. The proof shows that he was regularly engaged in the business of violat-

ing the local option law in that precinct, and the verdict of the jury, in assessing against him the lowest punishment for said offense, was certainly such as he cannot complain of in this case. The judgment is affirmed.

*Affirmed.*