GENE CHILDRESS v. THE STATE.

No. 3226.     Decided November 15, 1905.

1.—Local Option—Impeaching Testimony.

On a trial for a violation of the local option law, there was no error to admit evidence that defendant had been charged with passing counterfeit money, for the purpose of impeachment.

2.—Same—Charge Refused—Main Charge.

Where the main charge embraces substantially the same matter contained in the special charge, there was no error in refusing the latter.

3.—Same—Charge of Court—Ratification.

Where there was some testimony bearing on the ratification of contract, in a local option case, the court was authorized to charge thereon.

4.—Same—Evidence—Other Sales.

On a trial for a violation of the local option law, there was no error to permit the State to prove another sale of liquor, just preceding the sale in question, to show knowledge and intent on part of defendant at the time of making the alleged sale, and to rebut the theory of the defense.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment being fixed at a fine of $50 and twenty days confinement in the county jail.

As explained by the court, we do not believe there is anything in appellant's bill of exceptions to the argument of the county attorney, insisting on giving appellant the highest penalty in case they found him guilty.

Nor was it error for the State to prove, as was done, by the defendant when he was placed upon the stand on his own behalf, that he had been charged before a justice of the peace with passing counterfeit money; that he was then under bond to await the action of the grand

jury on said charge. This was a sufficient charge or accusation against defendant of a felony, and it was competent for the State to thus attempt his impeachment.

Appellant complains that the court refused to give his special requested instruction to the effect, that if appellant was so drunk at the time of the alleged transaction as not to know what was going on, to acquit him. The court gave a charge embracing this matter, which we think was sufficient.

Appellant excepted to the court's charge on ratification of the contract. There was some testimony bearing on this question, and in our opinion the court was authorized to give the charge on ratification.

Appellant excepted to the action of the court permitting the State to prove another sale of liquor on the same morning, and just before the transaction in question. It appears from the record that Sam Powell was introduced by the State, and testified that he met appellant that morning, saw him get off of the train. "Asked him if he had anything. He said: 'Yes,' we went into Sander's cotton yard, and defendant drew me a pint out of a quart bottle, and I paid him 50 cents for it." This was objected to by appellant on the ground that the prosecuting witness had testified plainly that he had bought a pint of whisky from defendant on the same day, to wit: the 18th of August, 1904, and paid him 50 cents therefor. That said sale occurred in Andy Lewis' barber shop, and that the question of intent, system, or res gestæ was not in issue in the case. It will be seen, however, that appellant denied the sale altogether, and claimed that if any sale was made he was too drunk to realize or understand what occurred. Now, it occurs to us that the proof of another sale of liquor just preceding the sale in question was competent evidence to rebut appellant's defense, and served to show his knowledge and intent at the time of the second transaction, and in that respect to sustain the State's theory as presented in the evidence. We are aware that the decisions on this character of testimony are not altogether reconcilable. This is owing to the fact that while the principle authorizing its admission is well understood, yet in its practical application, there is often difficulty. But, as we understand the cases, wherever some other sale would serve to show system, or to show knowledge or intent at the time of making the alleged sale, in order to rebut some defense set up by appellant, this character of testimony is admissible. Pitner v. State, 37 Texas Crim. Rep., 268; 39 S. W. Rep., 662; Walker v. State, 44 Texas Crim. Rep., 546; 7 Texas Ct. Rep., 8. The judgment is affirmed.

*Affirmed.*