EX PARTE ADOLPH ERCK.

No. 20457. Delivered May 17, 1939.

The opinion states the case.

*Felts, Wheeler & Wheeler,* of Austin, for appellant.

*Gerald C. Mann,* Attorney General, *W. F. Moore, A. S. Rollins,* and *James P. Hart,* Assistant Attorneys General and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an original application by relator for a writ of habeas corpus. It appears from the application that on the 27th day of March, 1939, relator was arrested under and by virtue of a warrant issued out of the Justice Court of Precinct No. 3 of Travis County, based upon a complaint (then pending against him and) charging him with having driven a commercial motor vehicle carrying a load in excess of 7,000 pounds on Public Highway No. 81 of said county.

Relator seeks to be discharged from restraint on the ground that the law under which he is being prosecuted is null and void. His contention is that the 41st Legislature, at its 2nd Called Session, passed an act known as Senate Bill No. 11, Chapter 42, and consisting of sixteen main sections, which regulated the operation of motor vehicles on the public highways of this State. That at the Regular Session of the 42nd Legislature, Section 16 of Chapter 42 was amended, and thereafter, at the same session, the Legislature again amended Chapter 42 of House Bill No. 336; Chapter 282 making no reference in the caption thereof to the fact that it had previously amended Section 16 of Chapter 42.

The caption of Chapter 282 of the Acts of the Regular Session of the 42nd Legislature reads in part as follows: "An act to amend Chapter 42, General Laws of the State of Texas, 41st Legislature, 2nd Called Session, so as to further regulate the operation of vehicles on the public highways; defining the term 'vehicle'; making it unlawful to operate or cause to be operated a vehicle of a size or weight exceeding the limitation prescribed in this act, with exceptions providing for permits for certain vehicles and loads exceeding the limitations prescribed in this act; * * * prescribing the maximum load that may be carried on public highways by any commercial motor vehicle, truck-tractor, trailer or semi-trailer, or combination or train or such vehicles operating outside of the limits of any incorporated city or town. * * *."

Relator's main contention seems to be that since the caption to the act in question does not refer to the former act amending Section 16 of Chapter 42, it was void in that the Legislature acted contrary to Section 36 of Article 3 of the Constitution which reads as follows: "No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

The original act was an act to regulate motor vehicle traffic on the public highways. The amendment in Chapter 164, (Acts of 42nd Legislature, Regular Session) related only to Section 16 of the original act. The caption in the subsequent amendment, as contained in Chapter 282, referred to Chap. 42 of the 2nd Called Session of the 41st Legislature, and stated that its object was to further regulate the operation of vehicles upon the public highways, etc. The object of the constitutional requirement is to give notice to the members of the Legislature of the subject to be affected by the proposed act. It appears to us that the Legislature had sufficient notice from the caption,

as well as the body, of the substance of the law sought to be amended, without designating in the caption the specific sections to be affected by the amendment.

In the case of Ex parte Segars, 32 Tex. Cr. R. 553, 25 S. W. 26, this court, speaking through Judge Simkins, on a related question, said: "The contention here is, that the caption and first section of the Act of 1893 should have declared it to be 'An act to amend title 63 of the Revised Statutes as amended by the Act of April 1, 1887.' While it is true that the caption and first section should properly have so stated, we do not think its failure in that respect invalidates the law. For while the caption does not, in express terms, refer to the Act of 1887, it unquestionably means the Revised Statutes as amended by that law, because among the articles set forth in the caption, which the Act of 1893 seeks to amend, is article 3239a, which was added by the Act of 1887. But were it not so, we would presume that when the caption referred to 'the Revised Statutes' it meant the Revised Statutes as amended by subsequent amendatory statutes."

It will be noted that the caption of Chapter 282 describes the subject of the act sought to be affected thereby. It is true that it does not refer to the fact that Section 16 of Chapter 42 had theretofore been amended by Chapter 164; nor does the title to Chapter 282 specify by number the sections of Chapter 42 which were to be affected by Chapter 282. The last mentioned chapter did not deal with, or attempt to amend Section 16 of Chapter 164. It did, however, in some instances enlarge and supplement the old sections from 1 to 15 of Chapter 42. Each of said sections, as amended, was re-enacted and published in full in Chapter 282, and in doing so reduced the load limit to 7,000 pounds.

We are of the opinion that under the constitutional provisions above mentioned, the Legislature may amend any section or sections of a law or may amend the entire law as it sees fit.

In our opinion, the recitals in the caption of the bill are sufficient, without specifically enumerating therein each section, to direct the attention of the members of the Legislature to the subject of the act to be amended. When this object has been attained then it would seem that the constitutional requirement has been complied with. In Corpus Juris, Vol. 59, p. 881, sec. 464, it is stated: "The failure of the legislature, in amending the same section of the original statute a second time, specially to refer to it as having been amended by the

first amendatory act, does not affect the validity of the second amendment of the original statute, if the intention of the legislature is clear as to what preexisting law was intended to be amended."

By Chapter 164 of the 42nd Legislature, Section 16 of Chapter 42 alone was amended. Subsequently the same Legislature, by Chapter 282, amended all of the Sections of Chapter 42 except 6, 10, 11, 12, 13, 14, 16, 17, 18 and 19. Since Section 16 had already been amended by the same session of the Legislature and the other sections remained as enacted by the 41st. Legislature and were not intended to be amended, there was no necessity to refer to them.

Insofar as the constitutionality of the 7,000 pound load is questioned, we do not deem it necessary to discuss it. It has been upheld by the Supreme Court of this State in the case of State et al v. Ferguson, District Judge, et al., 125 S. W. (2d) 272, and a further discussion thereof would seem useless.

From what has been said it follows that the writ should be refused, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.