WiieeleR, J.
The ground mainly relied on for a reversal is the omission of the surname of the defendant in the first count in the indictment. That count, however, was quashed, and consequently was withdrawn from tlie consideration of the jury. The argument of counsel proceeds on the mistaken supposition that the different counts in the indictment are dependent upon one another, whereas they are distinct and independent. The trial and verdict were upon the good counts, and not on that which was quashed. But had it been upon all three under the generally recognized rules of practice, the insufficiency of one count would not have authorized a reversal. “The practice (it is said) both in England and this country has always been, where there “has been a gei íeral verdict of guilty on an indictment containing several counts, “some bad and some good, to pass' judgment on the counts that are good, on “the presumption that it was to them that the verdict of the jury attached; and “on the same reasoning, where one of two counts is bad and the defendant is “found guilty and sentenced generally, the presumption of law is that the “court awarded sentence on the good count; and the sentence is not erroneous if it is awarded by the law applicable to the offense charged in that “count.” (Wharton’s Am. C. L., 618, 619.)
Such, unquestionably, is the generally received rule of practice both in the English and American courts. 'But it is' not necessary to invoke its aid to sustain the conviction in this case, for, as we have said, it was upon the second and third counts. Their sufficiency and that of the proof under them to warrant the conviction is quite too clear to admit of a question. The judgment is affirmed.
Judgment affirmed.
Note 53. — The State v. Rutherford, 13 T., 24.