## NED DAVIDSON V. THE STATE.

1. The admission of a child's evidence, after an examination on *voir dire*,
   rests in the sound discretion of the district judge trying the cause.
2. A child of ten years who, upon examination on *voir dire*, said " that she
   did not know what God and the laws of the country would do to her if
   she swore falsely, but that she would tell the truth," is not thereby dis-
   qualified from testifying.

APPEAL from San Jacinto.  Tried below before the
Hon. James R. Burnett.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J.—This case was not briefed, either by the
appellant or the Attorney-General, and the only question
raised upon the record is as to the admissibility of the
evidence of Rena Edwards, the female child upon whom
the appellant is charged with making an assault to com-
mit a rape.  The appellant's counsel, on the *voir dire*,
asked the witness what would become of her if she swore
to a lie.  Her answer was, she did not know ; and she
further answered she did not know what God or the laws
of the country would do to her if she swore falsely, but
that she would tell the truth.

Older and wiser persons might have answered these
questions in the same manner without impeaching their
intelligence.  Precisely what the Creator will do to one

9

who swears falsely is a question which may not be answered under oath.

The admission of this child's evidence was properly in the sound discretion of the court, and the judge before whom the cause was tried states upon the record that he believed her a competent witness, notwithstanding the manner she answered the questions on *voir dire*.

For anything we are able to find in the record, the judgment should be affirmed, which is accordingly done.

AFFIRMED.