## L. W. SHUMAN V. THE STATE.

*No. 632.    Decided January 16.*

1. **Theft—Indictment—Ownership and Possession—Pleading—Counts.**— An indictment for theft may in one count allege the ownership and possession in one party, and in another count allege the ownership in one party and the possession in another, who is holding it for the owner.

2. **Same—Counts—Election—Practice.**—It is the better practice to set up the same transaction by as many counts in the indictment as may be necessary to meet the various phases which the proof may possibly develop, and the State can only be required to elect as between counts where it appears that the rights of defendant may be jeopardized or prejudiced.

3. **Same—Practice—Election—Motion in Arrest.**—Where there are two counts in an indictment, and a motion for election be made and sustained, the bad count will be quashed and the trial proceed on the good count. If there has been no election, and the question is for the first time raised by motion in arrest after verdict, then, if either count be good, the conviction will be referred to the good count.

4. **Same—Duplicity and Repugnancy.**—Duplicitous or repugnant matter will not be tolerated in the same count, but counts may be joined in the same indictment which contain repugnant matter.

5. **Same—Allegations as to Different Dates in Different Counts.**—Where an indictment containing two or more counts alleges a different date for the commission of the offense in each count, then if it develops that there were two distinct transactions provable, and similar except in point of time, the court will control the proof and confine the evidence to but one transaction.

6. **Same—Arrest of Judgment.**—The fact that two distinct dates are alleged in different counts in the same indictment does not render the conviction void nor require the court to arrest the judgment.

APPEAL from the District Court of Red River.    Tried below before Hon. E. D. McCLELLAN.

This appeal is from a conviction for theft of one bale of cotton, the punishment assessed being a term of four years in the penitentiary.

There is no statement of facts in the record. A motion was made in arrest of judgment for supposed defects in the indictment. The matters pertaining to the questions raised are fully stated in the opinion.

No briefs on file.

HENDERSON, JUDGE.—Appellant was tried in the District Court of Red River County, on the 27th day of November, 1894, on an indictment charging him with theft of personal property over the value of $20. He was convicted, and sentenced for a term of four years in the penitentiary, and from the judgment and sentence of the court he prosecutes this appeal.

There is no statement of facts in the case, and the only assignment of error that requires notice is the first assignment, which charges, "that the court erred in overruling defendant's motion in arrest of judgment, in this: the indictment charges two separate and distinct felonies, is insufficient under the law, and is not of such a character as would enable the defendant to plead the conviction in bar of another prosecution for the same offense."

The indictment is for theft of a bale of cotton, in two counts. In the first count, the property and possession of the bale of cotton is alleged to have been in J. W. Wilson at the time of taking; while in the second count, the property in the bale of cotton is charged to have been in J. W. Wilson and the possession in one F. H. Elmore, holding the same for the said Wilson. All the authorities seem to authorize this mode of procedure, and we see no error in the judgment.

But it is urged, that in the first count the time of the taking is alleged to be the 13th of February, 1894, while the second count places the time on the 13th of February, 1892. This is true as shown by the record, and the question here presented is, does this variance in time in the two counts render the conviction void and require of the court to arrest the judgment and set aside the verdict?

It is not only allowable, but considered the better practice, to set up the same transaction by as many counts as the pleader may deem necessary to meet the various phases which the proof may possibly develop, and only in a case where it may appear that the rights of a defendant may be jeopardized or prejudiced will the State be required to elect on which count it will proceed to trial.

In this case there was no motion requiring the State to elect, and the question was first presented after verdict by a motion in arrest of judgment. It is agreed by the authorities, if there are two counts in an indictment, one a good and one a bad count, if the question is raised before the trial, the bad count will be quashed, and the trial proceed on the count which is good.

If the question is raised for the first time after verdict, the conviction will be referred to the good count. Duplicitous or repugnant matter is not allowed in the same count, but the rule is different as to

different counts, for "counts may be joined in the same indictment which contain repugnant matter." 1 Bish. Crim. Proc., sec. 492; Boren v. The State, 23 Texas Crim. App., 35. While this is true, if it develops on the trial that there were two distinct transactions, similar except in point of time, provable under different counts of an indictment, the court will control the proof and confine the evidence to but one of the transactions. There being no statement of facts, and nothing in the record to show that there was but one transaction or offense in this case, no such case is presented here.

In the case before us, if there had been but one count, alleging one time for the taking, or if both counts had alleged the same time, on the trial, the State would not have been confined to the precise date charged in the indictment, but could have proven any date from the time of filing the indictment back to a period not barred by the statute of limitations, and in our opinion, the fact that two distinct dates are alleged in different counts of the indictment for the commission of the offense does not render the conviction void, and did not require the court to arrest the judgment; and the judgment and sentence of the lower court is accordingly affirmed.

*Affirmed.*

Judges all present and concurring.