JOHN FRY v. THE STATE.

*No. 1390. Decided November 18th, 1896.*

*Motion for Rehearing Decided December 16th, 1896.*

**1.  Perjury Before the Grand Jury—Indictment—Assignments in Disjunctive—Motion in Arrest.**

Where an indictment for perjury, by a witness before the grand jury, alleged, that it became necessary and material to know whether the witness (appellant), "had seen any person bet or wager at a gaming table or bank, kept or exhibited for the purpose of gaming," and it was further alleged that defendant swore that he had not seen any person bet or wager at a gaming table or bank, kept or exhibited for gaming; and, it was urged against the sufficiency of the indictment, that this allegation and the assignments of perjury, were in the alternative. Held: That the rule, that, in charging an act in an indictment, the charge must not be in the alternative, does not apply to the setting out of a statement assigned for perjury. The indictment should set forth what the witness swore substantially, as he testified, and, if the statement assigned be material and was wilfully and knowingly made, it is perjury, whether it be in the conjunctive or disjunctive form. But, see post contra, paragraph 4, of this syllabus.

**2.  Same—General Verdict—Where Some Assignments are Good and Some Bad.**

Where an indictment for perjury contains both good and bad counts, and no motion to quash the bad counts has been made, and no objection made to the evidence when introduced, tending to support such counts—a general verdict will be sustained.

**3.  Same.**

A general verdict on good and bad counts is not reversible on motion in arrest of judgment if sustained by the good counts.

ON MOTION FOR REHEARING.

**4.  Perjury Indictment—Alternative or Disjunctive Allegations.**

Where the assignment for perjury was based upon the testimony of defendant before the grand jury, to the effect, that he had not seen L. exhibit or keep a table or bank for the purpose of gaming, and it was assigned and traversed as follows: "Whereas, in truth and in fact, the said F. (appellant) had seen the said L. keep and exhibit a gaming table or bank, for the purpose of gaming." Held: The assignment was defective, because it was in the alternative and uncertain; that is, it alleged that defendant saw L. keep and exhibit a gaming table or bank, and gaming table and gaming banks are not the same, but different things.

**5.  Same—Monte—Banking Game and Game Played With Cards.**

Where an assignment for perjury was based upon the fact as to whether F. (defendant) had seen any person bet or wager at a game played with cards, called "monte," and the traverse was as follows: "Whereas, in truth and in fact, the said F. (defendant) had seen persons bet or wager at a game played with cards, called 'monte,' " etc., and it was insisted that there was no such game played with cards as monte; that monte was a banking game, and not known as a game "played with cards." Held: That monte, though a banking game, is a game played with cards, and this assignment for perjury was good.

**6.  Good and Bad Counts in the Same Indictment—General Verdict.**

Where an indictment contains both good and bad counts, and no motion is made to quash the bad, and no objections have been made to evidence introduced under such bad counts, a general verdict of guilty, if supported by the testimony, will be applied to any one of the good counts.

APPEAL from the District Court of Cherokee.  Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for perjury; penalty, five years' imprisonment in the penitentiary.

Defendant made a motion in arrest of judgment, which called in question the sufficiency of the indictment as to each and all of the assignments of perjury. This motion was overruled, and this ruling and action of the court is the main question involved on this appeal. All the essential matters pertaining to the motion in arrest are stated in the opinions. No further statement necessary.

*R. McClure, M. J. Whitman, J. F. Weeks* and *S. P. Willson,* for appellant.—The indictment is insufficient, because:

1. It does not appear from the allegations therein that the alleged false statements were material to some issue involved in the judicial proceeding in which such statements were made. ˙ Brooks v. State, 29 Tex. Crim. App., 582; Buller v. State, 33 Tex. Crim. Rep.; 551; Ford v. Com. (Ky.), 29 S. W. Rep., 446; 2 Bishop's Crim. Proc., § 916.

2. It does not appear from the allegations therein wherein and to what extent the statements alleged to have been made by appellant were false. Gabrielsky v. State, 13 Tex. Crim. App., 428; Turner v. State, 30 Tex. Crim. App., 691.

3. The assignments in the indictment are wholly immaterial—the inquiries being too general and indefinite as to time, place and circumstances. State v. Shwartz, 25 Texas, 764; Meeks v. State, 32 Tex. Crim. Rep., 420; Harp v. State (Ark.), 26 S. W. Rep., 714; Agar v. State, 29 Tex. Crim. App., 605; Reg. v. Stolady, 1 F. & F., 518, cited in 18 Amer. and Eng. Ency. of Law, p. 318.

Should appellant be wrong in his contention that there is not an assignment in the indictment sufficient to support it, then he insists that: (1) The first three assignments clearly are insufficient, because the truth of the matter assigned is not alleged. Gabrielsky v. State, 13 Tex. Crim. App., 428; Turner v. State, 30 Tex. Crim. App., 691. The allegations are that appellant had seen persons bet or wager at a gaming table or bank, kept or exhibited, etc.; that he had bet or wagered at a gaming table or bank, kept or exhibited, etc., and that he had seen Love keep or exhibit a gaming table or bank for gaming; etc. There is a distinction between a gaming table and a bank, and between keeping and exhibiting either, and to allege one "or" the other is not to allege the truth of the matter on which the perjury is assigned. Webb v. State, 17 Tex. Crim. App., 205; Will. Ann. C. C., Sec. 589.

2. The last three assignments are insufficient, because in assigning the matter as perjury, and in setting out the truth of such matter, it does not appear from the allegations in the indictment who were the persons appellant had seen bet or wager at a game of "craps," or at "monte," or at a game with cards in the building alleged to be an out-house, nor when he had seen them bet or wager. Meeks v. State, 32 Tex. Crim. Rep., 420; Harp v. State (Ark.), 26 S. W. Rep., 714.

3. The fifth assignment is also insufficient. (a) Because there is

no such game as one played with cards called "monte," and consequently it was a matter the grand jury did not have jurisdiction to inquire about. Averheart v. State, 30 Tex. Crim. App., 651; Meeks v. State, 32 Tex. Crim. Rep., 420; Donaho v. State, 14 Tex. Crim. App., 644. (b) If "monte" is a game played with cards, it must be played in a public place to be an offense.

If appellant is wrong in his contention that the indictment is wholly bad, and right in his contention that it is bad as to one or more of its assignments, then he submits that it was material error for the court to direct his conviction if the jury believed that the bad assignments were sustained by the evidence. The charge of the court should have been confined to the case as made by the indictment in so far as it charged an offense, and in plain and intelligible words. If one or more of the assignments were bad and one or more good, the bad assignments would be rejected as surplusage (Henderson v. State, 2 Tex. Crim. App., 88), and the indictment sustained for the good assignment or assignments. The assignment or assignments rejected would not be the case, or a part of it, made by the pleadings, and to authorize a conviction on such assignment or assignments would be to authorize a conviction for a false statement not assigned as perjury. Will. Ann., Code Crim. Proc., Sec. 2336, p. 192; Jefferson v. State, 29 S. W. Rep., 1090; 1 Bishop's Crim. Proc., 2nd Ed., Sec. 977; Boren v. State, 23 Tex. Crim. App., 29; Donaho v. State, 14 Tex. Crim. App., 644.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

On motion for rehearing, *S. P. Willson*, for appellant. On his appeal, as the principal reasons why the judgment of the trial court should be set aside, appellant insisted: (1) That the indictment was bad. (2) That, if it was not wholly bad, some of its assignments of perjury were bad; and (3) That if any one of the assignments was bad, it was error in the trial court to authorize the jury to convict appellant on such bad assignment.

In the opinion affirming the judgment of the trial court, this honorable Court of Criminal Appeals, in holding the first three assignments in the indictment to be good, seem to have mistaken the objection made by appellant to the sufficiency of those assignments. That objection was not that the charging part of the indictment was insufficient as to those assignments, but it was that the truth of the matters charged as perjury was not set out in the indictment. The indictment charged that it was a material inquiry before the grand jury whether appellant had bet or wagered at a gaming table or bank kept or exhibited, etc.; that he falsely swore that he had not bet or wagered at a gaming table or bank kept or exhibited, etc. Appellant admits that the charge so made was sufficient. But on the authority of the Gabrielsky case, 13 Tex. Crim. App., 428, and the Turner case, 30 Tex. Crim. App., 691, he insists

that those assignments are insufficient in that the truth of the matter charged in them is not set out in the indictment. The allegation in the indictment attempting to set out the truth of the matter is: "Whereas, in truth and in fact" appellant had bet or wagered "at a gaming table or bank kept or exhibited," etc. In law a gaming table and a bank are not the same thing. Webb v. State 17 Tex. Crim. App., 205. Nor is it the same thing to keep and exhibit one or the other. Willson's Crim. Stat., § 589. If this is true then the indictment did not set out the truth of the matter charged as perjury To say that the truth of a matter is this, or it is that, is not to allege which it is. If it was one or the other, the allegation should have shown which one it was. If it was both, the allegation should have been that it was both.

If there was a bad assignment in the indictment it should have been treated as surplusage. It would be rejected from the indictment. It would be no part of the indictment. Henderson v. State, 2 Tex. Crim. App., 88. It would not be a part of the State's case as made by the allegations of the indictment. If this is true then the court should not submit it as a part of the State's case and authorize the jury to convict on it. To charge upon a part of an indictment rejected as surplusage is not charging the "law applicable to the case." Code Crim. Proc., 1895, Art. 715. It is not conforming the charge to and limiting it by the allegations. Willson's Ann. Code Crim. Proc., § 2336. But is charging upon a case not before the court for trial. Donahoe v. State, 14 Tex. Crim. App., 643. If the assignments of perjury had never been made a part of the indictment and the court with evidence before it admitted without objection tending to sustain a charge of perjury on the matters covered by them, had charged the jury they might convict on such matters, it would not be contended for a minute that the charge was not error. Why is the rule different when the attempt is ineffectually made to make such assignments a part of the indictment? If they are bad they are rejected as surplusage, and the indictment is sustained for its good assignments. If the court in its charge limits the jury to the good assignments, a general verdict finding the defendant guilty as charged in the indictment will be referred to the good assignments and their finding sustained. To hold that when the court submits in its charge good and bad assignments of perjury and the jury returns a general verdict, their verdict will be referred to the good assignments, seems to me to be relieving the court of the obligation placed on him by the statute to charge the law applicable to the case, and to throw upon the jury the duty of determining the good and bad assignments in an indictment for perjury.

HURT, PRESIDING JUDGE.—Appellant was convicted of perjury; hence this appeal. There are six distinct assignments in the indictment on which the perjury is predicated, as follows: (1) "It then and there became a material inquiry before the said grand jury, and necessary for the due administration of the criminal laws of said State, whether the

said John Fry had seen any person bet or wager at a gaming table or
bank, kept or exhibited for the purpose of gaming, in Jim Love's room,
in the town of Jacksonville, in the said county and State, within two
years before the said 11th day of December, 1893." (2) "Whether
the said John Fry had bet or wagered at a gaming table or bank, kept
or exhibited for the purpose of gaming, in Jim Love's room, in said
town of Jacksonville, in said county and State," etc. (3) "Whether
the said John Fry had seen Jim Love keep or exhibit a table or bank,
for the purpose of gaming, in the said Jim Love's room, in the said town
of Jacksonville, in said county and State, at any time," etc. (4)
"Whether the said John Fry had seen any person bet or wager at a
game then and there played with dice, called 'craps,' in the said Jim
Love's room, in the town of Jacksonville, in the said Cherokee County;
*  *  *  said room not then and there being a private residence." (5)
"Whether the said John Fry had seen any persons bet or wager at a
game with cards called 'monte' in the said Jim Love's room," etc. (6)
"Whether the said John Fry had seen any person playing at a game
with cards in said Jim Love's room, in the said town of Jacksonville,
in said county and State, at any time within two years," etc.; "said
room then and there being an outhouse, where people did then and there
resort for the purpose of gaming." There was no motion made to quash
the indictment, or any assignment of perjury therein contained. How-
ever, a motion in arrest of judgment was made, the grounds of the mo-
tion being as follows: (1) "Because it does not appear from the face
of the indictment that an offense against the law was committed by the
defendant;" and (2) "because the offense attempted to be charged in said
indictment is not set forth in plain and intelligible words." In the brief
of counsel for the appellant, objections were made to all of the assign-
ments of perjury. We pretermit any expression of opinion as to the
sufficiency of the last three counts in the indictment, and the testimony
supporting the same. We will now consider whether the first three
counts are sufficient. The indictment charged that it was necessary and
material to know whether "John Fry (appellant) had seen any person
bet or wager at a gaming table or bank, kept or exhibited for the pur-
pose of gaming," etc. This allegation is objected to upon the ground
that it is in the alternative. Appellant swore that he had not seen any
person bet or wager at a gaming table or bank, kept or exhibited for the
purpose of gaming, in Jim Love's room, in the town of Jacksonville..
If this statement was false and deliberately made, it was perjury. It is
not necessary, in order for it to be perjury, that the witness (appellant)
should have stated that he had not seen any person wager at a gaming
table, etc., or that he had not seen any person bet at a gaming table,
etc. When he swore that he had not seen any person bet or wager at
a gaming table or bank, he denied as emphatically that he had seen any
person bet or wager as if each had been denied separately and distinctly
from the other. These observations apply to "table or bank," as well
as to "keeping or exhibiting." It is true that, in charging an act in an

indictment, the charge must not be in the alternative, but we know of no case or law which would require this rule to be applied in setting forth the statement assigned for perjury. The indictment should set forth what the witness swore substantially as he testified, and if the statement assigned for perjury be material, and was wilfully and knowingly made, it is perjury, whether the statement be in the conjunctive or disjunctive form. We are of opinion that the first three assignments of perjury are sufficient. The question then arises, as there may be three defective assignments of perjury with the three good assignments, whether a general verdict can be sustained. It will be borne in mind that there was no motion to quash either assignment, nor was there any objection urged to evidence tending to support the assignments which are claimed to be defective. Under this state of case, what is the law? Mr. Bishop, in his New Crim. Proc. (Vol. 1, § 1015, Subdiv. 2), says: "On a bad count, mingled with good ones, the court has no right to receive evidence against the defendant's objections. Properly, the ill count should be quashed. If it is not, and the court refuses to exclude evidence applicable only to it, and does not direct the verdict to be limited to the good counts, a general finding of guilty will be set aside." Subdivision 4 "If good and bad counts appear together at the sentence, or, on error, all have been treated at the trial as good, and no objection to evidence having been saved, the case is the same as when any other incompetent evidence was introduced with the defendant's tacit consent. He cannot now complain of it, but can object to being sentenced on a bad count, as is elsewhere shown. Still, treating the bad count as surplusage, he may be sentenced on the good counts. Moreover, a general sentence on good and bad counts is not reversible on a motion in arrest of judgment or on error, if sustained by the good ones." This court has recognized this doctrine in a number of cases. See, Shuman v. State, 34 Tex. Crim. Rep., 69; English v. State, 29 Tex. Crim. App., 174, and authorities cited. The judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HURT, Presiding Judge.—In the opinion in this case, we held the first three assignments of perjury in the indictment good. We were laboring under a misapprehension of the contention of appellant in regard to these assignments. The first assignment is based upon the testimony given before the grand jury, that appellant had not seen Jim Love exhibit or keep a table or bank for the purposes of gaming, etc. This is alleged to be material, and was material. The indictment charges that, "whereas, in truth and in fact, the said John Fry (appellant) had seen the said Jim Love keep and exhibit a gaming table or bank for the purposes of gaming," etc. The defect in this assignment consists in alleging this matter in the alternative. It is not al-

leged that he did see Love keep and exhibit a gaming table, nor is it alleged that appellant saw Love keep and exhibit a bank; but it is alleged that appellant saw Love keep and exhibit one "or" the other—a gaming table "or" bank. Now, if a gaming table and bank are the same thing, this allegation is sufficient. But, if there be a difference between a gaming table and a bank, then it is insufficient. Is there a difference? We think there is. See, Webb v. State, 17 Tex. Crim. App., 205. These observations apply with equal force to the second and third assignments of perjury. However, there is a good assignment for perjury, to-wit, that pertaining to monte. The indictment charges that it "became and was a material inquiry, before said grand jury, * * * whether the said John Fry (appellant) had seen any person bet or wager at a game played with cards, called 'monte.'" The indictment alleged that appellant testified, before said grand jury, that he had not seen any person bet or wager at a game played with cards, called "monte." The closing words of this assignment in the indictment are as follows: "Whereas, in truth and in fact, the said John Fry had seen persons bet or wager at a game played with cards, called 'monte,'" etc. The objection to this assignment is that there was no such game played with cards as monte, and therefore this was immaterial matter; that monte is a banking game, and is not known as a "game played with cards." We do not agree with this contention. The game of monte, although a banking game, is a game played with cards; and it is a game where the players bet on certain cards of a layout, and win or lose according as others drawn from the pack do or do not match with these. As above stated, this assignment is good, and was amply sustained by the evidence on the trial. As was said in the original opinion, "there was no motion made to quash the indictment or any assignment of perjury therein contained," and there was no objection to testimony introduced to support any assignment. The court was not requested to confine the jury to this good assignment, or any particular assignment. This matter was first brought forward in the motion in arrest of judgment. We adhere to the rule, stated by Mr. Bishop, which is given in the original opinion in this case. There being a good assignment in the indictment, and the evidence in the record supporting that good assignment, although there is evidence tending to support the bad assignments, they will be treated as surplusage, and the case will be considered as if testimony had been admitted on the good assignment not pertinent thereto, which could have been excluded, but was not objected to. This, as we understand it, is the rule laid down by Mr. Bishop; and it appears to us to be a sound and logical rule. If the defendant chose not to make any motion to quash the indictment, or any of the particular assignments, and not to object to the introduction of evidence, notwithstanding the bad counts or assignments in the indictment, yet, if there is a good count or assignment, and the testimony supports it, the verdict will be applied to such good count or assignment; and it will make no difference in this regard if the court may

have charged on the bad counts or assignments as well as on the good one. Where the question is raised for the first time on motion in arrest of judgment, the verdict of the jury, where the evidence supports it, will be applied to the good count or assignment, and the judgment upheld. See, 1 Bishop's Crim. Proc., § 1015, Subdiv. 2. The motion for rehearing is overruled, and the judgment affirmed.

*Motion Overruled.*