### Albert Moore v. The State.

No. 3454. Decided March 7, 1906.

**1.—Rape—Continuance.**

Upon a trial for rape where the application for continuance did not show that by being hurried into trial defendant was deprived of important testimony, there was no error in overruling the same.

**2.—Motion for New Trial—Jurisdiction—Practice.**

While a court has jurisdiction of his judgments during the trial, and can set aside orders overruling motions for new trial during the term and can reconsider the question of a new trial; yet, where the defendant simply asked the judge shortly before adjournment to pursue this method and let him file a new motion, which the court refused; and no other action was taken during the term by bill of exceptions, there was no error; and the certificate of the judge subsequent to the term appended to appellant's amended motion for new trial could not be considered on appeal.

**3.—Same—Child-Witness—Amendment of Law—Oath of Witness.**

A child-witness over the age of nine years may testify in a case of rape under

Vol. 49 Crim.—29.

the amended statute authorizing such witness to testify, if it be shown that said witness manifest sufficient intelligence to convince the court that the nature and obligation of the oath administered was understood; and unless the contrary be shown in the bill of exceptions there was no error.

**4.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for rape the female on whom the offense is alleged to have been committed testified to the fact, there was no error in not charging on circumstantial evidence.

**5.—Same—Tender Age of Prosecutrix—Punishment not Excessive.**

Where upon a trial for rape the evidence showed that the prosecutrix at the time of the offense was only nine years of age, a verdict which assessed the defendant's punishment at ninety-nine years imprisonment in the penitentiary was held not to be excessive.

Appeal from the District Court of Williamson. Tried below before Hon. V. L. Brooks.

Appeal from a conviction of rape; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

*H. N. Graves,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment fixed at confinement in the penitentiary for a term of ninety-nine years, hence this appeal.

Appellant complains of the action of the court overruling his motion for continuance. There is no bill of exceptions to the overruling of said motion, and consequently the same cannot be considered. However, an examination of the motion does not disclose a cause for continuance. Where a trial occurs shortly after the offense was alleged to have been committed, and a few days after indictment found, there might occur equitable causes, outside of the statute, which should induce the court to grant a continuance, but here such a cause is not disclosed. It is stated generally that a continuance was desired to examine into the case, and to ascertain what testimony could be procured for appellant. If in this connection it had been shown that by being hurried into trial appellant was deprived of important testimony, and the nature of that testimony shown, there might be cause for continuance, and on refusal a reversal might ensue. But the application does not show that appellant was deprived of any testimony, or that any testimony has been since discovered that would have been important in his case. Indeed, no facts are stated in connection therewith. Even if a bill of exceptions had been reserved we could not say that the court erred in this regard.

Appellant reserved an exception to the action of the court permitting Suaddie Brown, who was over 9 years of age, to testify against appellant. Since the decision in Freasier v. State, 84 S. W. Rep.,

360, the last Legislature has passed an act which authorizes such witness to testify. Of course a child-witness must manifest sufficient intelligence to convince the court that the nature and obligation of the oath administered was understood. It is shown in the bill that the child-witness was examined as to her intelligence, and the court was satisfied that she sufficiently understood and comprehended the nature and obligations of the oath, and permitted her to testify. But the facts developed in said examination in regard to the child's intelligence are not disclosed in the bill. In order to have been a good bill, the facts should have been shown. Of course, in the absence of a showing in the bill itself of the facts attending the examination of the witness, it will be presumed that enough facts were developed to sustain the action of the court regarding the witness being of sufficient intelligence to understand the nature and obligations of the oath.

Appellant complains that there was a failure on the part of the court to charge the law in regard to circumstantial evidence. This was not a case of circumstantial evidence. Prosecutrix, on whom the offense is alleged to have been committed, being present at the time and testified to the facts. Even if it be conceded that she was an accomplice (which under our decisions is not the case) it would still be a case of positive testimony.

It is also strenuously insisted by appellant that the verdict of the jury is excessive. Of course, more outrageous cases of rape are committed than is shown by this testimony, yet prosecutrix at the time was only 9 years old, and she testified to the act of penetration, and other circumstances support her testimony. Though she as well as appellant were evidently a low class of people, still, under the law the amount of punishment was authorized, and we are not prepared to say, under the circumstances of this case, that the jury were not justified in assessing such punishment.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 23, 1906.

HENDERSON, JUDGE.—The judgment was affirmed at a previous day of the term, and is now before us on motion for rehearing. Appellant strenuously insists that the case should be reversed because the court below should have postponed this case when it was called for trial and the continuance requested. In that connection he insists the showing filed by him since the adjournment of the District Court of Williamson County should be considered as a sufficient showing as in the nature of newly discovered evidence in regard to the insanity of appellant. In the original opinion we held that the application for continuance did not show that appellant had been deprived of any testimony by the action of the court overruling his motion for con-

tinuance, or that any testimony had since been discovered that would have been important in his case; that indeed no facts were stated in connection therewith, even if the bill of exceptions had been reserved, which was not the case. In urging his motion appellant relies on Ransom v. State, 70 S. W. Rep., 960, which is authority for holding that the court had jurisdiction of its judgments during the term, although a motion for a new trial may have been previously overruled during the term, that same can subsequently during the term be set aside, and the question of a new trial reconsidered. However, we fail to see how this can help appellant. As we understand appellant's contention he went to the judge on next to the last day of the term with a motion for new trial, and asked the court to set aside the previous order made overruling his motion, and let him file the same. This the court refused to do. No other action was taken during the term. If appellant had a meritorious cause for setting aside said order overruling his motion for new trial on the ground of newly discovered evidence, and the court refused his motion to file the same, he should then during the term have taken a bill of exceptions to the action of the court. If the court had refused to allow him his bill of exceptions, he should have proven up his bill by bystanders as provided by statute. It does not appear that he pursued this course. After the adjournment of the term, and without any order to file bill of exceptions subsequent to the term, he procured a certificate from the judge and appended his amended motion for new trial thereto, and also appended some letters and affidavits. We know of no authority of law which authorizes us to consider these, even if it be conceded that they contain merit. Accordingly the motion for rehearing is denied.

*Overruled.*