## HENRY HUBBARD v. STATE.

### No. 1750. Decided May 1, 1912.

1.—Rape—Sufficiency of the Evidence.

Where defendant was indicted for rape by force and threats in one count of the indictment, and in the second count for rape on a female of weak mind, etc., and the jury found a general verdict of guilty on sufficient testimony, there was no error.

2.—Same—Evidence—Bill of Exceptions.

Where, upon trial of rape, the prosecutrix testified without objections

as to the rape upon her, and then witnesses were permitted by the court to testify as to her weak mental condition—the indictment charging both rape by force and threats and also on account of the mentally diseased condition of prosecutrix—there was no error; besides, the bill of exceptions was defective.

**3.—Same—Evidence—Mental Condition of Prosecutrix.**

Where, upon trial of rape by force and threats as well as the mentally diseased condition of prosecutrix, testimony was admitted to show the mental and physical condition of prosecutrix, to determine whether she consented to the act of sexual intercourse, there was no error; besides, the bill of exceptions was defective.

**4.—Same—Election by State.**

Where, upon trial of rape, the indictment contained two counts, one for rape committed by force and threats, and another that the prosecutrix was so mentally diseased as to have no will to oppose the act of carnal knowledge, the State was not required to elect.

**5.—Same—Verdict—Different Counts—Presumption.**

Where, upon trial of rape, the indictment contained two counts, and the evidence was sufficient to sustain the charge under the first count, the presumption must be that the court and jury applied the verdict to the first count. Following King v. State, 10 Texas, 281, and other cases.

**6.—Same—Insanity—Incompetence of Witness.**

It is unnecessary to decide what degree of insanity is necessary to be shown to prevent the ravished women to testify, but the court refers to Batterson v. State, 52 Texas Crim. Rep., 383.

Appeal from the District Court of Guadalupe. Tried below before the Hon. M. Kennon.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*James Greenwood,* for appellant.—On question of insufficiency of the evidence: Thompson v. State, 33 Texas Crim. Rep., 472; Smith v. State, 40 id., 667.

On the question that the verdict failed to state on which count the jury found defendant guilty: Smith v. State, 64 Texas Crim. Rep., 454, 142 S. W. Rep., 1173; Pitts v. State, 40 Texas Crim. Rep., 667; Thompson v. State, supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On April 21, 1910, the appellant was indicted in two separate counts for rape upon Malissa Jennings, charged to have been committed on June 25, 1909. The first count charged that the rape was committed by force and threats. The second that the said Malissa Jennings was so mentally diseased as to have no will to oppose the act of carnal knowledge, with the other necessary allegations under the law on that count. The jury found him guilty and assessed his punishment at seven years in the penitentiary.

Appellant by his brief and motion for new trial claims several reversible errors. It will not be necessary to take up each separately, but we consider and pass upon all of them. The court in his charge submitted both counts. The verdict of the jury was general, not finding upon either count separately.

Appellant contends that the evidence is insufficient to sustain the verdict on either count. We have carefully gone over the evidence and fully considered it. It would serve no useful purpose to quote it, or give the entire substance of it. In our opinion it was amply sufficient to sustain the verdict on both counts. The jury of twelve fair and impartial jurors after hearing all of the evidence, seeing and observing all of the witnesses and the manner of their testifying, believed the State's witnesses and that the appellant was guilty beyond a reasonable doubt. The learned trial judge also heard all the testimony, saw and heard the witnesses and by overruling the motion for a new trial, based on these grounds, also held that the testimony was sufficient to sustain the verdict. Under the circumstances we also sustain the verdict.

Appellant has two bills of exceptions. One of them, except the heading and the signature and indorsement thereon, is as follows:

"Be it remembered that on the trial of this cause, the State after having put the prosecuting witness Malissa Jennings on the stand as a witness, and after said witness was allowed to testify in the case, and upon whose testimony the State relied to establish the fact that she had been raped by the defendant by force, the State then introduced the following named witnesses, Aggie Jennings, Ed. Jennings, Charles Vaughan, E. J. Pulsher, Lee Armstrong and Dr. T. W. Moore, and was permitted by the court over the objection of the defendant to interrogate each of said witnesses as to the mental condition at the present time and at and before the time of the alleged rape of the prosecuting witness Malissa Jennings (and they, the witnesses so testified as to her mental condition), in an effort to show that she was so mentally diseased as to have no will to oppose the act of carnal knowledge.

"The defendant objected to all this testimony, for the reason that the State having placed said witness on the stand thereby endorsed and vouched for her competency, and her sanity, at the present time, and at the time of the alleged rape. And for the further reason that the State from the testimony of Malissa Jennings had attempted to establish the fact that she was raped by force and threats, and therefore should not be allowed to question her sanity, and to introduce testimony to establish her insanity.

"The court overruled defendant's objections to this testimony, to which ruling of the court defendant excepted, and here tenders this his bill of exceptions, and prays that the same be signed by the court and made a part of the record in this case, which is accordingly done."

Clearly this bill does not present the matter in such a way as to authorize this court to consider it. The rules for the preparation of such bills and what they are required to show have long been established and acted upon by this court. We have in several cases recently, again called attention to and reiterated these rules. They are specifically laid down in section 857, p. 557, and section 1123, p. 732 of White's Ann. C. C. P. and some of the cases are therein collated.

The other bill of appellant is as follows: "Be it remembered that on the trial of the above entitled cause that after the State had closed its testimony the defendant presented to the court the following motion, to wit:

" 'Now in cause above numbered and entitled, comes the defendant Henry Hubbard by his attorneys, and moves the court to strike from the record the testimony of the prosecuting witness Malissa Jennings for the following reasons, to wit: Because it appears from the testimony of said witness that she is not a competent witness, her testimony being so uncertain as to the transaction under investigation and unreliable as to base thereon a judgment of conviction, which facts regarding her incompetency are also established by her own evidence given on the trial, and other testimony introduced in this cause by the State and shows beyond question that said witness is an idiot, or insane or of such weak mind as to render her an incompetent witness in this or any other cause.'

"Which motion was by the court overruled, to which ruling of the court defendant excepted, and here tenders this his bill of exceptions and prays that the same be signed by the court, and made a part of the record in this cause, which is accordingly done." This bill is likewise wholly insufficient to require the court to pass thereon.

Notwithstanding the insufficiency of these bills we have investigated the questions, and in our opinion neither of them presents any reversible error.

The record shows that the appellant did not object to the testimony of the witness Malissa Jennings at the time she testified, nor did he attempt, so far as the record shows, to show on his voir dire examination that she was so insane as to prevent her testifying. Under the circumstances we are of the opinion that the admission of her testimony was left to the sound discretion of the trial court just as it is when a child is offered as a witness and permitted to testify. Davidson v. State, 39 Texas, 129; Brown v. State, 6 Texas Crim. App., 286; McCormick v. State, 52 Texas Crim. Rep., 493. And the action of the trial court in the matter will not be revised in the absence of a showing that its discretion was abused, and unless such abuse of discretion is apparent. Hawkins v. State, 27 Texas Crim. App., 273; Parker v. State, 33 Texas Crim. Rep., 111; Taylor v. State, 22 Texas Crim. App., 544; Burk v. State, 8 Texas Crim. App., 336; Mason v. State, 2 Texas Crim. App., 192; Munger v. State,

57 Texas Crim. Rep., 384; McCormick v. State, 52 Texas Crim. Rep., 493; Sancedo v. State, 69 S. W. Rep., 142; Reyna v. State, 75 S. W. Rep., 25; Anderson v. State, 53 Texas Crim. Rep., 341; Johnson v. State, 1 Texas Crim. App., 609; Comer v. State, 20 S. W. Rep., 547; Brown v. State, 6 Texas Crim. App., 286; Wolfforth v. State, 31 Texas Crim. Rep., 387; Oxsheer v. State, 38 Texas Crim. Rep., 499; Murphy v. State, 36 Texas Crim. Rep., 24; Williams v. State, 30 Texas Crim. App., 429; Moore v. State, 49 Texas Crim. Rep., 449.

It is our opinion that the testimony of the other witnesses objected to, shown by appellant's first bill, was admissible, if for no other purpose, for the purpose of showing the mental and physical condition of Malissa Jennings so as to let the jury, under all the testimony, determine whether or not she consented to the act, or whether it was by force and threats.

As stated above, there were two counts in this indictment. The State could not be required to elect upon which it would prosecute. (Thompson v. State, 33 Texas Crim. Rep., 472; Bigcraft v. People, 30 Colorado, 398.) Nor did the appellant in any way seek to require the State to elect. The verdict of the jury being general, it could properly be applied to either count of the indictment, and as the evidence is amply sufficient to sustain the charge under the first count, we are further of the opinion that the rule in such cases is, the presumption must be that the jury and the court below applied the verdict and judgment to the first count. King v. State, 10 Texas, 281; Henderson v. State, 2 Texas Crim. App., 88; Boren v. State, 23 Texas Crim. App., 28; English v. State, 29 Texas Crim. App., 174; Southern v. State, 34 Texas Crim. Rep., 144; Pitner v. State, 37 Texas Crim. Rep., 268; Isaacs v. State, 36 Texas Crim. Rep., 505; Fry v. State, 36 Texas Crim. Rep., 582; Shuman v. State, 34 Texas Crim. Rep., 69.

It is unnecessary for us to take up and decide what degree of insanity, in a case of this character, is necessary to be shown to permit the ravished woman to testify, but we refer to the case of Batterson v. State, 52 Texas Crim. Rep., 381. This case, and the circumstances of it, is so different on the point of whether or not Malissa Jennings was so insane as to prevent her testifying as, in our opinion, the cases of Smith v. State, 64 Texas Crim. Rep., 454, 142 S. W. Rep., 1173; Thompson v. State, 33 Texas Crim. Rep., 472, and Pitts v. State, 40 Texas Crim. Rep., 667, cited by appellant, are not applicable to show any reversible error herein.

The judgment will be affirmed.

*Affirmed.*