### HUBBARD v. STATE.

(Court of Criminal Appeals of Texas. May 1, 1912.)

1. CRIMINAL LAW (§ 1091*)—APPEAL—BILL OF EXCEPTIONS—SUFFICIENCY.

In a prosecution for rape, where the indictment charged that it was by force, and also that the prosecutrix was an imbecile, a bill of exceptions to the admission of testimony as to the mental condition of the prosecutrix, after the prosecutrix had testified that she was forcibly ravished, and another as to her competency to testify, was insufficient to present any matter for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

2. CRIMINAL LAW (§ 1153*)—TRIAL—DISCRETION OF COURT.

In a criminal prosecution, where accused did not object to the testimony of prosecutrix or attempt to show on the voir dire examination that she was too insane to testify, the admission of her testimony rests in the sound discretion of the trial court, which will not be reviewed, in an absence of a showing of abuse.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066; Dec. Dig. § 1153.*]

3. RAPE (§ 43*)—EVIDENCE—ADMISSIBILITY.

In a prosecution for rape, where one count of the indictment charged that it was by force and another that the prosecutrix was mentally defective, evidence of her mental condition was admissible upon the question of consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 62, 65; Dec. Dig. § 43.*]

4. INDICTMENT AND INFORMATION (§ 132*)—ELECTION BETWEEN COUNTS.

In a prosecution for rape, where the indictment consisted of two counts, one charging rape by force and another that she was an imbecile, the state could not be required to elect upon what count it would proceed, so that evidence of the mental condition of the prosecutrix was admissible, even ˙though one count charged that the offense was by force.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 425–447, 449–453; Dec. Dig. § 132.*]

5. CRIMINAL LAW (§ 1144*)—APPEAL—PRESUMPTIONS.

In a criminal prosecution, where the indictment was in two counts, and the verdict of conviction was general, it will be presumed that the jury and the court below applied the verdict and judgment to the first count, as to which the evidence was sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Henry Hubbard was convicted of rape, and appeals. Affirmed.

James Greenwood, of Seguin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. On April 21, 1910, the appellant was indicted in two separate counts for rape upon Malissa Jennings, charged to have been committed on June 25, 1909. The first count charged that the rape was committed by force and threats. The second that the said Malissa Jennings was so mentally diseased as to have no will to oppose the act of carnal knowledge, with the other necessary allegations under the law on that count. The jury found him guilty, and assessed his punishment at seven years in the penitentiary.

Appellant, by his brief and motion for new trial, claims several reversible errors. It will not be necessary to take up each separately; but we consider and pass upon all of them. The court in his charge submitted both counts. The verdict of the jury was general, not finding upon either count separately.

Appellant contends that the evidence is insufficient to sustain the verdict on either count. We have carefully gone over the evidence and fully considered it. It would serve no useful purpose to quote it, or give the entire substance of it. In our opinion, it was amply sufficient to sustain the verdict on both counts. The jury of 12 fair and impartial jurors, after hearing all of the evidence, seeing and observing all of the witnesses and the manner of their testifying, believed the state's witnesses, and that the appellant was guilty beyond a reasonable doubt. The learned trial judge also heard all the testimony, saw and heard the̗witnesses, and, by overruling the motion for a new trial, based on these grounds, also held that the testimony was sufficient to sustain the verdict. Under the circumstances, we also sustain the verdict.

[1] Appellant has two bills of exceptions. One of them, except the heading and the signature and indorsement thereon, is as follows: "Be it remembered that on the trial of this cause, the state, after having put the prosecuting witness, Malissa Jennings, on the stand as a witness, and after said witness was allowed to testify in the case, and̗ upon whose testimony the state relied to establish the fact that she had been raped by the defendant by force, the state then introduced the following named witnesses, Aggie Jennings, Ed. Jennings, Charles Vaughan, E. J. Fulsher, Lee Armstrong, and Dr. T. W. Moore, and was permitted by the court, over the objection of the defendant, to interrogate each of said witnesses as to the mental condition, at the present time and at and before the time of the alleged rape, of the prosecuting witness, Malissa Jennings (and they, the

---

witnesses, so testified as to her mental condition), in an effort to show that she was so mentally diseased as to have no will to oppose the act of carnal knowledge. The defendant objected to all this testimony, for the reason that the state, having placed said witness on the stand, thereby indorsed and vouched for her competency and her sanity at ·the present time, and at the time of the alleged rape; and for the further reason that the state from the testimony of Malissa Jennings, had attempted to establish the fact that she was raped by force and threats, and therefore should not be allowed to question her sanity, and to introduce testimony to establish her insanity. The court overruled defendant's objections to this testimony, to which ruling of the court defendant excepted, and here tenders this his bill of exceptions, and prays that the same be signed by the court and made a part of the record in this case, which is accordingly done."

Clearly this bill does not present the matter in such a way as to authorize this court to consider it. The rules for the preparation of such bills, and what they are required to show, have long been established and acted upon by this court. We have in several cases recently again called attention to and reiterated these rules. They are specifically laid down in section 857, p. 557, and section 1123, p. 732, of White's Ann. C. C. P., and some of the cases are therein collated.

The other bill of appellant is as follows: "Be it remembered that on the trial of the above-entitled cause that after the state had closed its testimony the defendant presented to the court the following motion, to wit: 'Now, in cause above numbered and entitled, comes the defendant, Henry Hubbard, by his attorneys, and moves the court to strike from ·the record the testimony of the prosecuting witness, Malissa Jennings, for the following reasons, to wit: Because it appears from the testimony of said witness that she is not a competent witness, her testimony being so uncertain as to the transaction under investigation and unreliable as to base thereon a judgment of conviction, which facts regarding her incompetency are also established by her own evidence given on the trial, and other testimony introduced in this cause by the state, and shows beyond question that said witness is an idiot, or insane, or of such weak mind as to render her an incompetent witness in this or any other cause.' Which motion was by the court overruled, to which ruling of the court defendant excepted, and here tenders this his bill of exceptions, and prays that the same be signed by the court and made a part of the bill in this cause, which is accordingly done." This bill is likewise wholly insufficient to require the court to pass thereon.

[2] Notwithstanding the insufficiency of these bills we have investigated the questions, and, in our opinion, neither of them presents any reversible error. The record shows that the appellant did not object to the testimony of the witness Malissa Jennings at the time she testified; nor did he attempt, so far as the record shows, to show on his voir dire examination that she was so insane as to prevent her testifying. Under the circumstances, we are of the opinion that the admission of her testimony was left to the sound discretion of the trial court, just as it is when a child is offered as a witness and permitted to testify. Davidson v. State, 39 Tex. 129; Brown v. State, 6 Tex. Crim. App. 311; McCormick v. State, 52 Tex. Cr. R. 495, 108 S. W. 669. And the action of the trial court in.the matter will not be revised, in the absence of a showing that its discretion was abused, and unless such abuse of discretion is apparent. Hawkins v. State, 27 Tex. App. 285, 11 S. W. 409; Parker v. State, 33 Tex. Cr. R. 123, 21 S. W. 604, 25 S. W. 967; Taylor v. State, 22 Tex. App. 544, 3 S. W. 753, 58 Am. Rep. 656; Burk v. State, 8 Tex. App. 342; Mason v. State, 2 Tex. App. 194; Munger v. State, 57 Tex. Cr. R. 384, 122 S. W. 874; McCormick v. State, 52 Tex. Cr. R. 494, 108 S. W. 669; Sancedo v. State, 69 S. W. 142; Reyna v. State, 75 S. W. 25; Anderson v. State, 53 Tex. Cr. R. 347, 110 S. W. 54; Johnson v. State, 1 Tex. App. 610; Comer v. State, 20 S. W. 547; Brown v. State, 6 Tex. App. 311; Wolfforth v. State, 31 Tex. Cr. R. 398, 20 S. W. 741; Oxsheer v. State, 38 Tex. Cr. R. 505, 43 S. W. 335; Murphy v. State, 36 Tex. Cr. R. 29, 35 S. W. 174; Williams v. State, 30 Tex. App. 444, 17 S. W. 1071; Moore v. State, 49 Tex. Cr. R. 449, 96 S. W. 327.

[3] It is our opinion that the testimony of the other witnesses·objected to, shown by appellant's first bill, was admissible, if for no other purpose, for the purpose of showing the mental and physical condition of Malissa Jennings, so as to let the jury, under all the testimony, determine whether or not she consented to the act, or whether it was by force and threats.

[4, 5] As stated above, there were two counts in this. indictment. The state could not be required to elect upon which it would prosecute. Thompson v. State, 33 Tex. Cr. R. 472, 26 S. W. 987; Bigcraft v. People, 30 Colo. 301, 70 Pac. 417. Nor did the appellant in any way seek to require the state to elect. The verdict of the jury being general, it could properly be applied to either count of the indictment; and, as the evidence is amply sufficient to sustain the charge under the first count, we are further of the opinion that the rule in such cases is the presumption must be that the jury and the court below applied the verdict and judgment to the first count. King v. State, 10 Tex. 281; Henderson v. State, 2 Tex. App. 88; Boren v. State, 23 Tex. App. 28, 4 S. W. 463; English v. State, 29 Tex. App. 174, 15 S. W. 649; Southern v. State, 34 Tex. Cr. R. 144, 29 S.

W. 780, 53 Am. St. Rep. 702; Pitner v. State, 37 Tex. Cr. R. 268, 39 S. W. 662; Isaacs v. State, 36 Tex. Cr. R. 505, 38 S. W. 40; Fry v. State, 36 Tex. Cr. R. 582, 37 S. W. 741, 38 S. W. 168; Shuman v. State, 34 Tex. Cr. R. 69, 29 S. W. 160.

It is unnecessary for us to take up and decide what degree of insanity, in a case of this character, is necessary to be shown to permit the ravished woman to testify; but we refer to the case of Batterson v. State, 52 Tex. Cr. R. 383, 107 S. W. 826. This case, and the circumstances of it, is so different on the point of whether or not Malissa Jennings was so insane as to prevent her testifying as, in our opinion, the cases of Smith v. State, 142 S. W. 1173, Thompson v. State, 33 Tex. Cr. R. 472, 26 S. W. 987, and Pitts v. State, 40 Tex. Cr. R. 667, 51 S. W. 906, cited by appellant, are not applicable to show any reversible error herein.

The judgment will be affirmed.