### Henry Polk v. State.

No. 2280.　Decided February 26, 1913.　·

**1.—Policy Game—Indictment—Gaming Statutes.**

Under Article 558, Revised Penal Code, a policy game is included within the gaming statute and is prohibited from being kept or exhibited directly or indirectly for the purpose of gaming, and an indictment in the terms of said statutes, alleging that the policy game was kept and exhibited for the purpose of gaming is sufficient. Following Morris v. State, 57 Texas Crim. Rep., 163, and other cases.

**2.—Same—Statement of Facts.**

In the absence of a statement of facts, the sufficiency of the evidence cannot be reviewed.

Appeal from the Criminal District Court of Dallas No. 2, tried below before the Hon. Barry Miller.

Appeal from a conviction of keeping a policy game; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains two counts; the first charges that appellant did unlawfully and directly

keep and exhibit for the purpose of gaming a policy game; the second count charges that he did unlawfully through his agents Will Johnson and Lon Geights keep and exhibit for the purpose of gaming a policy game, etc.

Motion was made to quash because the indictment charges no offense against the law: There is no such game known as a policy game, and because ''policy'' as it is known and has been judicially defined is not a game but is a lottery, and partakes of the true nature of a lottery; and because same is known and understood and as same has been judicially defined cannot be kept, dealt and exhibited for the purpose of gaming; and because ''policy'' as same is known and as same has been judicially defined is not gaming and neither the persons who buy and sell numbers and tickets nor the persons who conduct drawing either play at or bet at a game.

The ''game of policy,'' as it was heretofore been understood, partook of the nature of a lottery. However, the Legislature has seen proper to make a change in this matter, and to this end enacted the following statute: Article 558, Revised Penal Code: ''If any person shall, directly or as agent or employe for another or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming,'' etc., he shall be punished. It was within the power and authority of the Legislature to include in the above statute what is known as a ''policy game,'' and give it a definition. Just how far the Legislature may go in these matters it is not necessary here to determine. They have included a policy game within this statute, and prohibited its being kept or exhibited directly or indirectly for the purpose of gaming. The facts are not before us as to how this game was carried on or what it was. In fact there is no statement of facts sent up with the record. The shifting and changing rules of games has made it necessary at times for the legislative department and they have felt it incumbent upon them, to provide new definitions and punishments by reason of these changes in the game. Whether this game as charged was really a banking game or not cannot be determined by this court without the facts before it. The rules of the game may have been changed so that it has assumed the nature and character of a banking game. Inasmuch as the statute specifically enumerates this game among those which are prohibited from being kept and exhibited, we are of the opinion that the pleader in drawing the pleadings was justified in charging it in the terms of the statute. It has been held sufficient in charging the violation of this statute, that is, where games are prohibited from being kept and exhibited for gaming purposes, to simply charge that the named game was kept and exhibited for the purpose of gaming. See Campbell v. State, 2 Texas Crim. App., 187; Parker v. State, 13 Texas Crim. App., 213; Jefferson v. State, 22 S. W. Rep., 148; Tellison v. State, 35

Texas Crim. Rep., 388; 33 S. W. Rep., 1082; Ranirez v. State, 40 S. W. Rep., 278. It has also been held sufficient if the indictment charges the accused with keeping and exhibiting for the purpose of gaming a gaming table and bank. Adams v. State, 29 S. W. Rep., 384; Perkins v. State, 33 S. W. Rep., 341; Rabby v. State, 37 S. W. Rep., 741; Moon v. State, 37 S. W. Rep., 741; Kinney v. State, 47 Texas Crim. Rep., 496; Morris v. State, 57 Texas Crim. Rep., 163. These cases are collated in section 3 of the recent work gotten out by Mr. Branch of the Houston Bar, who is the author also of Branch's Texas Criminal Law. This work is entitled the "Trial Brief based on the Texas statutes." Mr. Branch has compiled this work in his usual thorough and felicitous style, and has given careful and thoughtful attention in collecting the cases and citing them under their proper heading.

We are of opinion that the indictment is sufficient under the statute and the adjudicated cases. Whether the facts would sustain the charge is a different proposition, but we are unable to revise it because of the want of the testimony before us. Appellant was convicted under the first count for himself directly keeping and exhibiting the game. We are of the opinion that the motion to quash was not well taken, and the court was not in error in overruling it.

The judgment will be affirmed.

*Affirmed.*